IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CITY OF MAYWOOD PARK,

      Plaintiff,

                                   3:15-CV-1694-PK

                                   OPINION AND ORDER
                                   OF REMAND

v.

JORGE R. BLACKMORE GOMEZ,

      Defendant.

SIMON, District Judge:

      Plaintiff City of Maywood Park ("Maywood Park") filed this action against defendant *pro se* Jorge R. Blackmore Gomez in the Multnomah County Circuit Court on or around August 7, 2015. By and through its complaint, Maywood Park alleges that Gomez, a resident of the City of Maywood Park, performed unpermitted construction on his residence with the result that the residence has become a "Dangerous Structure" as that term is defined in Maywood Park's

Page 1 - OPINION AND ORDER OF REMAND

Nuisance Code. Maywood Park seeks injunctive relief enjoining Gomez to remedy the defects caused by the construction so as to bring the structure into compliance with the Nuisance Code or, in the event Gomez fails to do so within thirty days of the issuance of such relief, permitting Maywood Park to remedy the defects with the costs of reconstruction to be assessed against Gomez as a lien upon the property; in addition, Maywood Park seeks to levy a fine against Gomez in the maximum amount of $1,000. Effective September 8, 2015, Gomez removed Maywood Park's action to this court, where he now proceeds *in forma pauperis*.

On September 16, 2015, noting that the pleadings in this action establish that this court cannot properly exercise diversity jurisdiction over Maywood Park's action, and further noting both that no federal question is apparent on the face of Maywood Park's complaint and that the federal courts may not properly exercise federal-question jurisdiction over an action where federal questions are raised only by potential defenses rather than by the claims asserted in the plaintiff's complaint, Judge Papak ordered the parties to show cause within thirty days why this action should not be remanded to the Multnomah County Circuit Court.

The parties have responded to Judge Papak's order to show cause. By and through its response, Maywood Park asserts that this court may not properly exercise jurisdiction over its action, and agrees that this action should be remanded to state court. By and through his response, Gomez asserts only that federal questions arise out of either defenses he might raise against Maywood Park's claims or out of claims not currently at issue in this action that he might bring against Maywood Park.[1]

---

[1] Moreover, it appears that Gomez has already litigated all such claims against Maywood Park in other proceedings, and that he would be precluded from relitigating those claims herein. *See Gomez v. Hardie*, Case No. 13-CV-161-ST (D. Or. February 19, 2014).

Page 2 - OPINION AND ORDER OF REMAND

For the same reasons set forth in Judge Papak's order to show cause, the federal questions identified by Gomez are insufficient to give rise to federal-question jurisdiction over Maywood Park's action. *See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Pursuant to 28 U.S.C. § 1447(c), this court must therefore remand Maywood Park's action to state court, effective immediately. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

For the reasons set forth above, this action is remanded to state court. All pending motions are denied as moot with leave to refile in state court following remand.

DATED this 19th day of October, 2015.

Honorable Michael Simon
United States District Judge

Page 3 - OPINION AND ORDER OF REMAND